UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEWIS GREENBERG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 07-1716 |
| v. | ) |
| | ) |
| CITY OF BALLWIN, MISSOURI, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT CITY OF BALLWIN, MISSOURI'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS OR IN THE ALTERNATIVE TO STAY**

Comes now Defendant City of Ballwin, Missouri, by and through undersigned counsel, and for its Memorandum of Law in Support of its Motion to Dismiss or in the Alternative to Stay, states to the Court as follows:

FACTUAL BACKGROUND AND PROCEDURAL POSTURE

This action was filed by Plaintiff Lewis Greenberg (hereinafter "Greenberg") against the City of Ballwin, Missouri (hereinafter "Ballwin") on or about October 9, 2007. The suit seeks injunctive relief against Ballwin to enjoin its enforcement of certain ordinances that preclude "'littering' and 'stor[ing] materials constituting a health menace'" against Greenberg based on his "sculpture" that covers the vast majority of his yard. (Complaint, ¶34). The suit also seeks monetary damages and attorney's fees against Ballwin for the alleged infringement of Greenberg's constitutional rights under the First and Fourteenth Amendments to the United States Constitution and Article 1, Sections 8 and 10 of the Missouri Constitution. (Complaint, p.16).

1

Ballwin's city prosecutor initiated a single prosecution dated July 19, 2007 against Greenberg in Ballwin's municipal court (hereinafter the "Ballwin prosecution"). The trial of the ordinance violation case began on November 27, 2007 and is ongoing. Defendant's Motion to Dismiss or in the Alternative to Stay is based on well-established principles of abstention under *Younger* and its progeny. For the reasons discussed herein, this Court should decline to exercise its jurisdiction in this case, dismiss or stay the case and allow the matters raised herein to be fully resolved by the State court where they are currently at issue.

## ARGUMENT

I.  Standard for Decision

Ballwin seeks dismissal of this case on the basis of *Younger* abstention. In such cases, the Court possesses discretion to abstain from exercising its jurisdiction to the extent that it would interfere with a pending state action. *See Cedar Rapids Cellular Telephone, L.P. v. Miller*, 280 F.3d 874, 878 (8th Cir. 2002) (citing *Beavers v. Arkansas State Board of Dental Examiners*, 151 F.3d 838, 840 (8th Cir. 1998)). The decision to abstain is reviewed only for abuse of that discretion; however, the underlying legal conclusions are reviewed *de novo*. *Id*.

II.  Abstention under *Younger* and its progeny is appropriate in this case.

In Plaintiff's Complaint, he asks the Federal Court to enjoin a quasi-criminal prosecution by a subdivision of the State of Missouri. (Complaint, p.16 ¶A.-C.). He further requests a declaration that the ordinances under which the City of Ballwin is prosecuting him are unconstitutional (Complaint, p.16 ¶D. & E.). and seeks money damages under 42 U.S.C. §1983 based on the alleged infringement of his constitutional rights. (Complaint, p.16 ¶F.). As is

2

discussed below, *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny require that the Federal Court abstain from interposing its ruling on the pending prosecution at issue in this case. The practical effect of abstention under *Younger* requires that this court dismiss Plaintiff's claims or at least to stay this case pending the resolution of the Ballwin prosecution.

The *Younger* case itself involved a prosecution under the California Criminal Syndicalism Act. 401 U.S. at 38-39. The plaintiff in *Younger* sought an injunction from the United States District Court to prevent the state from proceeding with its prosecution. *Id*. The injunction was granted and a three-judge panel of the District Court held that the California Act was void for vagueness and overbreadth. *Id*. at 40. Ultimately, the United States Supreme Court reversed this decision and held that the Federal Courts could not impose an injunction against a good faith attempt to prosecute a case under a state criminal statute, even if the statute is possibly unconstitutional "on its face". *Id*. at 54.

The reasoning in *Younger* is just as important as the result the Court reached. The Court articulated that its decision was based upon the longstanding policy against "federal court interference with state court proceedings". *Id*. at 43. In its discussion of this policy, the Court elucidated the historical reasons for the existence of this policy as follows:

> The precise reasons for this longstanding public policy against federal court interference with state court proceedings have never been specifically identified, but the primary sources of the policy are plain. One is the basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief...
> This underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced by an even more vital consideration, the notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact

> that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways...
> This brief discussion should be enough to suggest some of the reasons why it has been perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state court is not to issue such injunctions.

*Id*. at 43-45. As a guide to future courts faced with this issue (such as in this case), the Supreme Court set forth the following rule of law:

> [W]hen absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable harm is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders..., and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.

*Id*. at 45. The Court further made clear that the required showing of irreparable injury, which must support the issuance of every injunction, is elevated by the aforementioned federal policy of abstention, such that a plaintiff must show that the risk of such an injury "is both great and immediate". *Id*. at 46. The Court specifically noted that the "cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable'". *Id*.

The *Younger* case and its progeny have developed a test as to when abstention by the federal court is appropriate. Such abstention is warranted when "(1) the federal action would disrupt an ongoing state judicial proceeding, (2) which implicates important state interests and (3) which provides an adequate opportunity to raise constitutional challenges." *Cormack v.*

*Settle-Beshears*, 474 F.3d 528, 532 (8th Cir. 2007).  If these considerations are present, which they are in this case, the "federal court should abstain unless it detects bad faith, harassment or some extraordinary circumstance that would make abstention inappropriate." *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 479 (8th Cir. 1998).

It is without question that, as a general matter, under *Younger*, the Court should generally defer to the state's prosecution and refuse to enjoin the same absent some finding of exceptional circumstances to take the case out of *Younger's* rule.  In this case, the three-part test developed under *Younger* requires that this Court abstain and decline to exercise its jurisdiction to disrupt the Ballwin prosecution.

It cannot be seriously disputed that the injunction Greenberg requests would directly disrupt an ongoing state proceeding.  The City of Ballwin is a political subdivision of the State of Missouri.  It is prosecuting ordinance violations in Ballwin's Municipal Court.  Pursuant to Chapter 479 of the Missouri Revised Statutes and Missouri Supreme Court Rule 37, the municipal court is empowered to hear cases involving such ordinance violations and any defendant aggrieved by a ruling of this court may appeal or request a trial *de novo* in the circuit court.  R.S.Mo. §479.200 (2007); Mo.S.Ct. Rules 37.70-37.74 (2007).  As such, the first prong of the *Younger* test – that the federal action would interfere with a state judicial proceeding – is satisfied.

The second prong of the *Younger* test – that the ongoing state judicial proceeding implicates important state interests – is also satisfied in this case.  It is Ballwin's position that Greenberg's "sculpture" involves numerous features, including jagged and indeed sharpened pieces of rusted metal and other "recycled" materials, that are dangerous to public safety.

5

(Complaint, ¶38-47). Ballwin certainly has a particular interest in remediation of such dangerous conditions. Moreover, Ballwin also has a clearly-stated interest in enforcing its littering ordinance to ensure that the items identified therein (including "tacks, nails, wire, scrap metal, glass, crockery, sharp stones" *et cetera*) are not scattered about on private lots in the City. Such ordinances not only serve the City's legitimate interest in public safety, but also implicate other legitimate public welfare-related interests such as preserving the character and aesthetics of the community, preventing visual distractions to traffic and protecting property values. *See City of Ladue v. Gilleo*, 512 U.S. 43, 49, 114 S.Ct. 2038, 2042, 129 L.Ed.2d 36 (1994); *see also Berman v. Parker*, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27 (1954)(holding that the concept of public welfare extends to the aesthetic as well as the monetary).

    Plaintiff may contend, as it relates to the merits of his claims, that these interests are not compelling or that the ordinances at issue are not sufficiently narrow to properly reach such matters. While Ballwin disputes this, it is not relevant to this particular inquiry. It is without question, for the purposes of determining whether to apply *Younger* abstention, that the state has important interests at stake in municipal prosecution Plaintiff seeks to enjoin. These interests include both public safety and public welfare concerns.

    The third and final prong of this Court's analysis under the *Younger* abstention doctrine is whether the plaintiff will have an adequate opportunity to raise his constitutional challenges in the state court action. Plaintiff is not only vigorously defending the state court action, but has also filed a Motion to Dismiss in that case, which raises all of the constitutional issues raised in the instant case. There is simply no reason to believe that the state court's decision would not fully vindicate Greenberg's asserted constitutional rights to the extent that they are implicated.

*See Middlesex County Ethics Commission v. Garden State Bar Association*, 457 U.S. 423, 431, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982)(stating that "[m]inimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights."). However, to the extent that his challenges involve federal questions and he is unsatisfied with the state court's rulings, he can appeal such final rulings to the United States Supreme Court under 28 U.S.C. §1257. Because Greenberg possesses an adequate remedy in state court, in that his constitutional claims can be fully litigated, ruled upon and appealed, there is no basis to allow Greenberg to prevent the normal proceeding of Ballwin's prosecution and the hearing of his defenses in state court. *See Middlesex*, 457 U.S. at 435 (holding that criminal defendant must first set up his constitutional defense in state court action unless it appears that this would not afford adequate protection of his interests); *see also Neal v. Wilson*, 112, F.3d 351, 356-357 (8th Cir. 1997) (applying *Younger* abstention to request to enjoin attorney disciplinary proceeding because plaintiff could raise his constitutional claims in state court); *Kaylor v. Fields*, 661 F.2d 1177, 1181 (8th Cir. 1981) (holding that the existence of an ongoing state prosecution in conjunction with ability to raise constitutional issues is all that is required to invoke *Younger* abstention); and *Moore v. Sims*, 442 U.S. 415, 425-426, 99 S.Ct. 2371, 2378-2379, 60 L.Ed.2d 994 (1979) (holding that "abstention is appropriate unless state law clearly bars the interposition of the constitutional claims.").

It is clear from the foregoing that this case satisfies the three-pronged inquiry under *Younger* and its progeny. As such, this Court should abstain unless it "detects bad faith, harassment or some extraordinary circumstance that would make abstention inappropriate." *Night Clubs, Inc.*, 163 F.3d at 479.

Plaintiff has asserted in his unverified pleading that Ballwin's prosecution is in bad faith and is designed to harass him. In support of this position, Plaintiff has pleaded that his neighbors have harassed him and that Ballwin is further harassing him with no hope of securing a conviction. Aside from being untrue, these allegations fall far short of what is required to avoid *Younger* abstention on the basis of "exceptional circumstances". The case of *Dombrowski v. Phister*, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), which was discussed at length by the Court in *Younger*, is instructive in this regard. In *Dombrowski*, the Court held that exceptional circumstances warranted federal court intervention despite the pending state prosecution. However, even a cursory examination of the facts in *Dombrowski* illustrates just how "exceptional" the circumstances must be to ignore *Younger* abstention.

The facts at issue in *Dombrowski* presented a clear picture of repeated and obvious harassment by the state. The specific allegations were as follows:

> The appellants in *Dombrowski* had offered to prove that their offices had been raided and all their files and records seized pursuant to search and arrest warrants that were later summarily vacated by a state judge for lack of probable cause. They also offered to prove that despite the state court order quashing the warrants and suppressing the evidence seized, the prosecutor was continuing to threaten to initiate new prosecutions of appellants under the same statutes, was holding public hearings at which photostatic copies of the illegally seized documents were being used, and was threatening to use other copies of the illegally seized documents to obtain grand jury indictments against the appellants on charges of violating the same statutes. These circumstances, as viewed by the Court sufficiently establish the kind of irreparable injury, above and beyond that associated with the defense of a single prosecution brought in good faith, that had always been considered sufficient to justify federal intervention.

*Younger,* 401 F.3d at 408, 91 S.Ct. at 752.

A comparison of the facts at issue in *Dombrowski* and those alleged by the Plaintiff herein stand in sharp contrast. In *Dombrowski*, the Plaintiff alleged that he had been subjected to

8

a systematic campaign by the state to harass him using obviously oppressive and extrajudicial means and continuing to threaten prosecution after the court held that the threatened prosecution was unsupportable. *Id*. In this case, despite Plaintiff's broad allegations that the City is prosecuting him in bad faith and is engaged in a campaign to silence him, his allegations amount to the City initiating one prosecution that asserts he is maintaining a dangerous condition on his property. The other acts of "harassment" alleged in the Complaint originate from Plaintiff's neighbors. He has not alleged that this conduct is somehow attributable to the City of Ballwin nor is there any basis to impute such alleged harassment to the City. The sum total of Plaintiff's allegations against the City amount to it prosecuting him in a manner that he believes violates his constitutional rights. This is squarely within the heartland of *Younger* abstention.

      The only other meaningful allegations of "bad faith" or "harassment" by the City of Ballwin are based on alleged selective enforcement (e.g., prosecuting Greenberg while failing to prosecute others for dangerous conditions on their property and prosecuting Greenberg while failing to cite others who display Christmas scenes outdoors on their property). (Complaint ¶35-47). As an initial matter, a simple viewing of Greenberg's "sculpture" (which encompasses virtually the entire exterior of his home and most if not all of his yard and which is made up of hundreds of "recycled" bits of wood, scrap metal and other materials that would typically be thought of as debris) makes clear that Ballwin's prosecution is not selective in any way. There is not any other exterior condition of any house or other residential property in Ballwin that rises close to the level of Greenberg's. Certainly, there are no "Christian" displays in Ballwin that are anywhere near the scope and magnitude of Greenberg's "Holocaust Revisited" display. While Greenberg contends that his display is merely a harmless expression of his faith and artistic

9

abilities of the type Ballwin routinely ignores, a visual examination of the same clearly indicates that this is not the case.

Greenberg's simple assertion that this prosecution is in bad faith or that he is being harassed is not sufficient to cause this Court to ignore *Younger* abstention. *See Neal*, 112 F.3d at 357; contrast *Lewellen v. Raff*, 843 F.2d 1103, 1109 (finding that a prosecution was pursued in bad faith based upon a detailed factual record that recounted clear evidence of prosecution of African-American attorney in retaliation for his defense of black minister charged with rape). The simple act of prosecuting him in a single prosecution when he believes it is improper or unconstitutional to do so is not tantamount to such a showing. *Neal*, 112 F.3d at 357. As such, the Court should decline to exercise its jurisdiction over Plaintiff's claims.

III.   Application of *Younger* abstention requires dismissal of Plaintiff's action, or at least a stay of this case until the state court litigation is fully and finally resolved.

To the extent that this Court agrees that *Younger* abstention is appropriate, the remaining issue is what to do with Plaintiff's federal civil rights action. The state of the law in the Eighth Circuit is clear. Plaintiff's claims for injunctive relief, declaratory relief and money damages should all be dismissed.

With respect to the claims for injunctive and declaratory relief, the appropriate action is clearly to dismiss Plaintiff's claims with prejudice. *Night Clubs, Inc. v. City of Fort Smith, Arkansas*, 163 F.3d 475. In the *Night Clubs* case, the District Court dismissed Plaintiff's federal claims for injunctive and declaratory relief with prejudice under *Younger*. The Eighth Circuit, in analyzing this issue, stated the following:

> In general, the *Younger* abstention doctrine directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending judicial

> proceedings. In such cases, *Younger v. Harris* contemplates the outright dismissal of the federal suit and the presentation of all claims, both state and federal, to the state court.

163 F.3d at 481. As such, dismissal would be appropriate as to Plaintiff's claims for injunction and declaratory relief.

In *Night Clubs*, the Eighth Circuit ultimately concluded that remand, as opposed to outright dismissal, was appropriate. This was, in part, because the §1983 claim at issue also sought damages as well as injunctive and declaratory relief. However, the award of damages in that case "would not require us to first declare unconstitutional a state statute or to overturn a state court judgment on a matter of state policy." *Id*. at 481-482.

In this case, unlike in the *Night Clubs* case, the Plaintiff has specifically sought to have the federal court declare the ordinance at issue unconstitutional. (Complaint, p.16, ¶D.). As such, it falls within the exception discussed at length in the *Night Clubs* case. This exception, which arises from the Supreme Court cases *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981) and *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996), provides in relevant part that dismissal is an appropriate application of *Younger* abstention in a §1983 damages case when the award of damages requires declaring a state statute unconstitutional. 163 F.3d at 481-482; *see also Amerson v. State of Iowa*, 94 F.3d 510, 512-513 (holding that dismissal of claims for injunctive and declaratory relief as well claims for damages was appropriate "where the damages sought cannot be awarded without first declaring unconstitutional a state court judgment on a matter firmly committed to the states.").

The instant case, just as in *Amerson* but unlike *Night Clubs*, falls within the exception that permits dismissal of claims based on abstention. Plaintiff's claim for damages is premised upon a finding of unconstitutionality as to Ballwin's ordinance either facially or as applied to Plaintiff. As such, dismissal of the claim for damages, as well as the claims for injunctive and declaratory relief, is appropriate.

It should be noted that if the Court should determine that dismissal is not appropriate, a stay of this case would be the appropriate remedy. A stay rather than dismissal is preferable when "a possibility of return to federal court remains." 163 F.3d at 482. However, in this case, there is no meaningful possibility of return to the district court. Plaintiff can and indeed has raised and briefed these constitutional claims in an ongoing trial of the ordinance violations. He will have the opportunity to appeal any adverse judgment on his constitutional claims to the Missouri Supreme Court and ultimately to the United States Supreme Court under 28 U.S.C. §1257. As such, there is no reason to stay this case as opposed to dismissing. However, to the extent that abstention is appropriate, at least a stay of this case, if not outright dismissal, is warranted.

## CONCLUSION

Ballwin is confident that a full evidentiary hearing will dispose of Plaintiff's various claims of facial and "as-applied" constitutional infirmity as it relates to Ballwin's pending prosecution. However, this is not the proper forum for such arguments. This Court's discretionary exercise of its jurisdiction is governed by *Younger* and its progeny. Greenberg is a defendant in a single criminal prosecution and has been forced to defend himself. He has ample

opportunity to raise his constitutional claims in state court and has indeed done so by asserting the same constitutional infirmities asserted in this case in the pending prosecution. The state court has full authority to pass on these constitutional questions and Greenberg can appeal its decisions. To the extent that these issues implicate federal questions, he can appeal his case to the United States Supreme Court. As such, abstention is appropriate and this case should be dismissed. At a minimum, it should be stayed pending a final judgment in the state court action and the exhaustion of any appeals.

/s/Robert E. Jones
JONES, HAYWOOD, BICK,
KISTNER & JONES, P.C.
Robert E. Jones, #3495
rejones@jhbkj.com
Adam R. Lorenz, #117432
alorenz@jhbkj.com
7700 Bonhomme Avenue
Suite 200
Clayton, Missouri 63105
(314) 727-0777
(314) 727-9071 (facsimile)
Attorneys for Defendant

### Certificate of Service

Copy of the foregoing document served through the Court's ECF system this 7th day of December 2007, to:

Veronica Johnson
Howard & Johnson, LLC
393 N. Euclid, Suite 220
St. Louis, MO 63108

/s/Robert E. Jones