UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEWIS GREENBERG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 4:07CV01716 |
| | ) |
| CITY OF BALLWIN, MISSOURI, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF DECEMBER 10, 2007, MEMORANDUM AND ORDER**

**1. Factual Background and Timeline**

Plaintiff Lewis Greenberg filed a motion for preliminary injunction in this case on November 9, 2007, seeking an injunction "preventing defendant from taking **any action against him** or his artwork during the pendency of this federal litigation, including **municipal and state court proceedings** intended to threaten or infringe on plaintiff's free expression." Doc. 6 at 2 (emphasis added). At the time the motion was filed, plaintiff had been charged with ordinance violations in the City of Ballwin municipal court alleging that his artwork was "litter" and a "health menace." Those proceedings began on November 27, 2007 and are still ongoing. Exhibit 1 (Johnson declaration)

On November 13, 2007, shortly after filing his motion for preliminary injunction, plaintiff's counsel (with prior knowledge and agreement of defense counsel) called the court, spoke with a member of the judge's team and requested a status conference. Counsel for both parties sought the conference in order to inform the court of the current status of the municipal proceedings and to receive guidance from the court on how to proceed in the time available. Neither plaintiff's nor defendant's counsel received a response of any kind to this request.

On November 19, 2007, defense counsel contacted the judge's law clerk and again requested an opportunity to meet with the judge, offering to come in that week to discuss the status of the case. Exhibit 2. Although the clerk stated that he would get back to counsel, no response was received. On the same day, defendant filed a written request for a hearing, asking that the parties receive a "fair opportunity to present their evidence and arguments to the Court prior to the submission of Plaintiff's Motion for Preliminary Injunction . . ." Doc. 8 at 2. Plaintiff had no opposition to the motion and it remained pending throughout the time defendant's suggestions in opposition to the motion for preliminary injunction and plaintiff's reply brief on the matter were presented to the court.

On December 10, 2007, defendant filed its Memorandum of Law in Support of its Motion to Dismiss or in the Alternative to Stay. Doc. 11. In the body of that motion, defendant stated, "The trial of the ordinance violation case began on November 27, 2007 **and is ongoing**." Memorandum of Law at 2 (emphasis added). Later that same day, the court ruled that plaintiff's motion for preliminary injunction was moot, at least in part because "the Court has not been informed of the outcome of the municipal court proceedings, nor has plaintiff indicated that any further proceedings are scheduled." Doc. 12. The court also denied defendant's motion for a hearing, ruling that it was also moot. *Id*. Plaintiff now asks that the order be reconsidered for the following reasons.

### **2. The municipal proceedings are still ongoing.**

As a preliminary matter and as defendant has noted, the municipal court proceedings in Ballwin remain pending. The municipal judge has taken the matter under advisement and has not issued her decision. Ex. 1.

### 3.  The injunction plaintiff seeks extends beyond the current municipal proceedings.

Even if the municipal proceedings were completed, this does not end the matter. Plaintiff's motion for preliminary injunction sought relief extending beyond those initial proceedings.  Specifically, he seeks an injunction "preventing defendant from taking **any action against him** or his artwork during the pendency of this federal litigation, including **municipal and state court proceedings** intended to threaten or infringe on plaintiff's free expression." Doc. 6 at 2 (emphasis added).  Missouri law provides for a trail de novo in the 21st Judicial Circuit of the State of Missouri, St. Louis County, following the close of the municipal case. R.S.Mo. § 479.200.2; Doc. 7 at 5; Doc. 11 at 5.  Plaintiff must avail himself of this trial de novo not only to vindicate his constitutional rights but also to mitigate the damages caused by defendant's efforts to violate those rights.  Further, if plaintiff is not successful in securing acquittal in the circuit court, he must continue up through the appellate courts of the State of Missouri.  In short, absent proof of an acquittal at some point along the way, the question of whether the initial municipal court proceedings have ended (without regard to the result) is simply not dispositive as to the issuance of a preliminary injunction.

In addition, plaintiff has argued both in his motion for preliminary injunction and his reply in support that Ballwin will repeatedly prosecute him in the municipal courts until he gives in to Ballwin's demand that he remove his constitutionally-protected artwork.  Doc. 6 at 3; Doc. 9 at 2-3.  Plaintiff's request for an injunction preventing defendant from taking **any** action against him necessarily encompasses an injunction preventing defendant from repeatedly prosecuting him at any time in the future, whether in the municipal or state courts.  Thus, the question of whether the initial municipal court proceedings are still ongoing or have concluded does not end the inquiry into whether plaintiff is entitled to a preliminary injunction.

**4. Both parties made good-faith attempts to provide information to the court in the manner provided by the Rules.**

Defendant's unopposed motion for a hearing pursuant to Local Rule 78-4.02 is the method allowed in the Local Rules for the submission of oral evidence on a motion. The requested status conference would also have provided an opportunity for the parties to answer any questions the court had regarding the status of the underlying state court proceedings. These were good-faith efforts to provide information to the court, and plaintiff should not be penalized for having relied upon them.

For all these reasons, plaintiff requests reconsideration of the court's December 10, 2007, order dismissing the motion for preliminary injunction as moot and denying the unopposed motion for a hearing as moot.

Respectfully submitted,

 /s/ Veronica Johnson
David C. Howard, Mo. Bar # 29366
Veronica Johnson, Mo. Bar # 38642
Howard & Johnson, LLC
393 North Euclid, Suite 220
Saint Louis, Missouri 63108
314-454-1722
314-454-1911 (fax)
vjohnson@howardandjohnsonlaw.com
dhoward@howardandjohnsonlaw.com

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

Counsel hereby certifies that the foregoing Plaintiff's Memorandum in Support of Motion For Reconsideration was served through the Court's ECF system this 13th day of December, 2007, on counsel for the defendant Robert E. Jones, Jones, Haywood, Bick, Kistner & Jones, P.C., 7700 Bonhomme Avenue, Suite 200, Clayton, MO 63105.

 /s/ Veronica Johnson